IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

NATIONWIDE MUTUAL INSURANCE COMPANY,

    Plaintiff,

v.                                      Civil Action No. 5:07CV140
                                                    (STAMP)
ESTATE OF TINA FLUHARTY, deceased,
MONICA HUNTER, as Executrix of the
ESTATE OF TINA FLUHARTY, deceased,
ESTATE OF JAMES FLUHARTY, deceased,
and NATHAN FLUHARTY, as Executor of
the ESTATE OF NATHAN FLUHARTY, deceased,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO DISTRIBUTE
FUNDS PREVIOUSLY PAID INTO THE COURT,
DIRECTING PAYMENT OF FUNDS,
DENYING AS MOOT PLAINTIFF'S MOTION FOR HEARING
AND DISMISSING INTERPLEADER ACTION**

I. Background

The plaintiff, Nationwide Mutual Insurance Company ("Nationwide"), filed a complaint in this Court for interpleader pursuant to 28 U.S.C. § 1335. This civil action arose when the residence of Tina Fluharty was destroyed by a fire allegedly set by James Fluharty. Nationwide had previously issued Tina Fluharty a homeowner's insurance policy for coverage of the residence with dwelling policy limits set at $151,144.00. The sum of $100,545.40 was paid to the Estate of Tina Fluharty in partial settlement of her claim for the proceeds of the insurance policy dwelling coverage, and the remaining $50,598.60 was deposited with the Clerk of this Court.

Thereafter, Nationwide filed a motion to determine the proper distribution of the remaining funds. In that motion, Nationwide represented to this Court that representatives of both the Estate of Tina Fluharty and the Estate of James Fluharty are making claims regarding entitlement to the remaining funds of the insurance policy. Nationwide also filed a motion for a hearing on its motion to distribute funds.

Finding that it would benefit from a briefing of the parties' respective positions on the proper distribution of the remaining funds, this Court ordered that the parties file memoranda in support of their respective positions. Both Nationwide and the Estate of Tina Fluharty filed position memoranda. Although not required, Nationwide also filed a response to the position memorandum filed by the Estate of Tina Fluharty. The Estate of James Fluharty did not file a position memorandum. For the reasons set forth below, the plaintiff's motion to distribute funds is granted, with the Estate of Tina Fluharty being adjudicated as the sole claimant to the escrowed funds and entitled to distribution thereof, and the plaintiff's motion for a hearing is hereby denied as moot.

## II. Applicable Law

Title 28, United States Code, Section 1335 grants original jurisdiction to the district courts over interpleader actions and sets forth certain requirements to maintain interpleader actions. Section 1335 provides:

> (a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, associations, or society having in his or its custody or possession money or property of value of $500 or more, or having issued a note, bond, certification, policy of insurance, or other instrument of value or amount of $500 or more, or providing for the delivery or payment or the loan of money or property of such amount or value, or being under any obligation written or unwritten to the amount of $500 or more, if
>
>> (1) Two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; and if
>>
>> (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.

28 U.S.C. § 1335.

"An action commenced under section 1335 typically involves two steps: during the first, the district court determines whether the requirements of the statute have been met and whether the stakeholder may be relieved from liability; during the second, it actually adjudicates the defendants' adverse claims to the interpleaded fund." NYLife Distrib., Inc. v. Adherence Group, Inc., 72 F.3d 371, 375 (3d Cir. 1995).

III. Discussion

Nationwide contends in its motion for distribution that both the Estate of Tina Fluharty and the Estate of James Fluharty have claimed entitlement to the funds under the dwelling coverage of the Nationwide insurance policy. In its position memorandum, however, Nationwide states that it assumes no position as to the distribution of the funds, but rather is requesting assistance from this Court to determine the proper distribution.

The Estate of Tina Fluharty, alternatively, in its position memorandum, states that the $50,598.60 in escrowed funds should be distributed to the Estate of Tina Fluharty because there are no conflicting claims. Specifically, the Estate of Tina Fluharty asserts that neither the Estate of James Fluharty, nor Nathan Fluharty, the Executor of the Estate in this action, ever have filed a claim for the interpleaded funds, and that Nationwide relies completely upon an answer to an interrogatory as opposed to proper pleadings for relief from those defendants. Moreover, the Estate of Tina Fluharty claims that the Estate of James Fluharty is barred from receiving the escrowed funds pursuant to West Virginia Code § 42-4-2, commonly referred to as the slayer statute, because James Fluharty allegedly murdered Tina Fluharty.

As a threshold issue, the jurisdictional requirements for § 1335 interpleader have been met in this case. "In statutory interpleader cases, jurisdiction will lie if the two requirements of 28 U.S.C. § 1335 are met: (a) there must be diversity of

citizenship between two adverse claimants; and (b) there must be an amount greater than $500 in controversy." Aetna Cas. & Sur. Co. v. Ahrens, 414 F. Supp. 1235, 1241 (S.D. Tex. 1975) (citing State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 532-33 (1967)). Furthermore, a plaintiff company need not "wait until persons asserting claims against its insured have reduced those claims to judgment before seeking to invoke the benefits of federal interpleader." Tashire, 386 U.S. at 532. The parties do not dispute, and there remains no evidence proving otherwise, that Nationwide has properly invoked interpleader jurisdiction pursuant to § 1335.[1]

Because the requirements of statutory interpleader have been met, and based upon review of the parties' pleadings and position memoranda, this Court finds that it can properly make a determination as to the distribution of the escrowed funds deposited with this Clerk of this Court. In statutory interpleader actions, "each claimant must succeed in establishing his right to the property by a preponderance of the evidence." Midland Ins. Co. v. Friedgood, 577 F. Supp. 1407, 1411 (S.D.N.Y. 1984). See also

---

[1] Nationwide's amended complaint for interpleader states that at the time of the commencement of this civil action, Nationwide was incorporated in Ohio, with its principal place of business located in Columbus, Ohio, and the defendants were citizens of West Virginia, creating minimal diversity. Because both the Estate of Tina Fluharty and the Estate of James Fluharty have entered appearances and claimed an interest in the remaining escrowed funds, there are two adverse claimants. Finally, because the amount in controversy is $50,598.60, the $500 monetary requirement for statutory interpleader is obviously met.

Island Title Corp. v. Bundy, 488 F. Supp. 2d 1084, 1090 (D. Haw. 2007) (same); Schwarzer, Tashima & Wagstaffe, Rutter Group Prac. Guide: Fed. Civ. Pro. Before Trial 10:192-93 (The Rutter Group 2008) ("[T]he court may require further responsive pleadings by each claimant, setting forth their claims to the interpleaded funds. The preponderance of the evidence standard applies to each claimant.") (internal citations omitted) (emphasis omitted).

Here, the Estate of Tina Fluharty is the only party that provided evidence showing its entitlement to the remaining funds. Although Nathan Fluharty, as Executor of the Estate of James Fluharty, entered an appearance in this case and did respond to Nationwide's requests for admissions, interrogatories, and requests for production, the Estate of James Fluharty has provided no other pleadings asserting its entitlement to the funds deposited with the Clerk of this Court. Despite having the opportunity to do so, it failed to file any position memorandum setting forth its claims to the interpleaded funds. Indeed, marking an "X" next to the answer "Yes" in an interrogatory question asking, in summary, whether it was asserting a claim against Nationwide under the policy of insurance issued to Tina Fluharty is the only claim that the Estate of James Fluharty has ever made to the funds. The Estate of James Fluharty, therefore, has not met its burden of proving by a preponderance of the evidence that it is entitled to the remaining interpleaded funds.

Alternatively, the Estate of Tina Fluharty has met such burden. Both the Estate of Tina Fluharty's position memorandum, as well as Nationwide's pleadings, assert that Tina Fluharty was the owner of the residence subject to Nationwide's insurance policy. Additionally, it is undisputed that Nationwide issued this homeowner's insurance policy to Tina Fluharty, and that James Fluharty does not appear anywhere on the homeowner policy declarations. Accordingly, this Court holds that the Estate of Tina Fluharty has properly set forth and proven by a preponderance of the evidence its claim to the interpleaded funds.[2] The Estate of Tina Fluharty, therefore, is adjudicated as the sole claimant to the escrowed funds, and such funds should be distributed thereto.

In light of this decision, this Court finds is unnecessary to set a hearing for the purpose of distribution of the interpleaded funds. Accordingly, Nationwide's motion for a hearing is denied as moot.

IV. <u>Conclusion</u>

For the above-stated reasons, the plaintiff's motion to distribute funds previously paid into the court is hereby GRANTED. Accordingly, the Estate of Tina Fluharty is adjudicated as the sole claimant of the escrowed funds, and therefore, is entitled to the remaining proceeds of the dwelling coverage under the insurance policy. With regard to these proceeds, the Clerk shall DISTRIBUTE

---

[2]Because of this decision, this Court need not reach the merits of the Estate of Tina Fluharty's argument concerning the slayer statute, West Virginia Code § 42-4-2.

$50,598.60 to the Estate of Tina Fluharty and her attorney, William T. Fahey, along with any interest accrued on the total amount of the funds ($50,598.60) while with the Clerk of Court.  This being the full amount of the proceeds remaining under the dwelling coverage of the insurance policy, and now deposited with the Clerk of this Court, the plaintiff is discharged and released from any liability, particularly from the risk of double or multiple liability with regard to these insurance proceeds or any claim of entitlement to these proceeds with the exception of the judgment granted to the Estate of Tina Fluharty.[3]  Furthermore, in light of the distribution of the escrowed funds, the plaintiff's motion for a hearing on this issue is hereby DENIED AS MOOT.  In addition, it is hereby ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Rule of

---

[3] Although not specifically plead in any counterclaim, the Estate of Tina Fluharty requests in its position memorandum that Nationwide should be responsible for "additional damages on all interest, inconvenience, first party insurance bad faith, failure to defend, inviting claims, attorney fees and costs incurred in this matter by virtue of its failure to promptly and properly settle and adjust this claim for in excess of two (2) years." (Tina Fluharty Position Mem. 3.)  This memorandum opinion and order only considers the distribution of the interpleaded funds pursuant to the Nationwide homeowner's insurance policy issued to Tina Fluharty.  This memorandum opinion and order <u>does not</u> constitute a finding on the alleged bad faith claims.

Federal Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: February 10, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE